UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

JOY MACCHARULO & DOLORES                          :
KUCHARCZYK, Co-Administratrix of the
Estate of FRANK KUCHARCZYK, deceased              :          08 Civ 301 (LTS)(THK)

                                                             Electronically Filed

                          Plaintiffs,             :

        v.                                        :

GLENN GOULD, et al.                               :
--------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANTS' MOTION TO DISMISS


                          ANDREW M. CUOMO
                          Attorney General of the State of New York
                          Attorney for Defendant
                          120 Broadway
                          New York, New York 10271
                          (212) 416-6234


JULIA H. LEE
Assistant Attorney General
of Counsel

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .................................................................. ii

PRELIMINARY STATEMENT ................................................................ 1

THE COMPLAINT ........................................................................ 2

THE AMENDED COMPLAINT ................................................................ 3

STANDARD ............................................................................. 3

ARGUMENT ............................................................................. 4

POINT I      -      ADDITIONAL DEFENDANTS AND CLAIMS IN PLAINTIFFS'
                   AMENDED COMPLAINT MUST BE DISMISSED AS THEY ARE
                   BARRED BY THE STATUTE OF LIMITATIONS ..................... 4

A.      Fed R. Civ. P. Rule 15 does not allow the complaint to be amended to name new defendants
        or to add new claims past the statute of limitations time limit ........................... 5

        i.      Adding New Defendants ................................................... 6
        ii.     Adding New Claims ...................................................... 7

B.      New York State Relations Back doctrine does not allow the complaint to be
        amended to name new defendants or to add new claims past the statute of
        limitations time limit .................................................................. 9

POINT II     -      PLAINTIFFS FAIL TO STATE A CLAIM UNDER §1983 UPON WHICH
                   RELIEF CAN BE GRANTED AGAINST INDIVIDUAL DEFENDANTS ... 11

A.      New York Rules and Regulations Governing Disciplinary Sentences Do Not
        Provide Plaintiff With A Constitutionally Protected Liberty Interest ...................... 11

B.      Decedent's Transfer to a Different Facility Does Not Create a Constitutionally
        Protected Liberty Interest ............................................................ 12

POINT III    -      PLAINTIFF FAILS TO STATE ANY VIABLE CLAIMS FOR
                   RELIEF UNDER ADA AND REHAB ACT .......................... 13

A.      No Individual Liability Under ADA and Rehab Act .................................... 13

B.      Plaintiff Fails to State a Claim for Relief under Title II of the ADA or § 504
        of the Rehab Act .................................................................... 15

POINT IV     -      THE COURT LACKS JURISDICTION UNDER
                   THE ELEVENTH AMENDMENT ................................. 16

POINT V      -      PLAINTIFFS HAVE NO STANDING TO BRING CLAIMS
                   FOR INJUNCTIVE RELIEF ..................................... 17

CONCLUSION .......................................................................... 18

## TABLE OF AUTHORITIES

**Cases**                                                                                              **Page**

Abdell v. City of New York,
   2006 U.S. Dist. LEXIS 65222 (S.D.N.Y. September 12, 2006) ............................................ 9, 10

Altman v. New York City Health and Hospitals Corp.,
   903 F. Supp. 503 (S.D.N.Y. 1995) ........................................................................................... 14

Aslanidis v. United States Lines,
   7 F.3d 1067 (2d Cir. 1993) ........................................................................................................ 7

Barrow v. Wethersfield Police Dept.,
   66 F.3d 466 (2d Cir.1995), amended by 74 F.3d 1366 (2d Cir.1996) .......................................... 7

Bell Atlantic Corp. v. Twombly,
   __ U.S. __, 127 S. Ct. 1955 (2007) ............................................................................................. 4

Candelaria v. Cunningham,
   2000 U.S. Dist. LEXIS 8669 (S.D.N.Y. June 20, 2000) .......................................................... 14

Carrasquillo v. City of New York,
   324 F. Supp. 2d 428 (S.D.N.Y. 2004) ................................................................................. 15, 16

Cerrato v. Durham,
   941 F. Supp. 388 (S.D.N.Y. 996) ............................................................................................. 14

Clarkson v. Coughlin,
   783 F. Supp. 789 (S.D.N.Y. 1992) ............................................................................................ 18

Clarkson v. Coughlin,
   898 F. Supp. 1019 (S.D.N.Y. 1995) .......................................................................................... 15

Erickson v. Pardus,
   __ U.S.__, 127 S. Ct. 2197 (2007) .............................................................................................. 4

Farid v. Smith,
   850 F.2d 917 (2d Cir. 1988) ..................................................................................................... 16

Ford Motor Co. v. Department of Treasury of State of Indiana,
   323 U.S. 459 (1945) .................................................................................................................. 16

Frazier v. Coughlin,
   81 F. 3d 313 (2d Cir. 1996) ...................................................................................................... 11

Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.,
   528 U.S. 167 (2000) .................................................................................................................. 17

Gardner v. Wansart,
   2006 U.S. Dist. LEXIS 69491 (S.D.N.Y. Sept. 26, 2006) ........................................................ 4

Hallett v. New York State Dep't of Correctional Services,
    109 F. Supp. 2d 190 (S.D.N.Y. 2000) ........................................................................ 13

Harrison v. Indosuez,
    6 F. Supp. 2d 224 (S.D.N.Y. 1998) ........................................................................ 14

Hucks v. Artuz,
    2001 U.S. Dist. LEXIS 2275 (S.D.N.Y. Feb. 27, 2001) ............................................ 14

Iqbal v. Hasty,
    2007 U.S. App. LEXIS 13911 (2d Cir. June 14, 2007) .............................................. 4

Jackson Nat. Life Ins. v. Merrill Lynch,
    32 F.3d 697 (2d Cir. 1994) ...................................................................................... 4

Johnson v. Constantellis,
    221 Fed. Appx. 48 (2d Cir. 2007) ............................................................................ 7

Johnson v. Goord,
    2004 U.S. Dist. LEXIS 19658 (S.D.N.Y. Sept. 29, 2004) ......................................... 13

Katz v. Klehammer,
    902 F.2d 204 (2d Cir. 1990) .................................................................................... 3

Kentucky v. Graham,
    473 U.S. 159 (1985) ........................................................................................ 16, 17

Lapides v. Bd. of Regents of the University System of Georgia, et al.,
    535 U.S. 613 (2002) ............................................................................................... 16

Lewis v. Casey,
    518 U.S. 343 (1996) ............................................................................................... 17

Lieber v. Vill. of Spring Valley,
    40 F. Supp. 2d 525 (S.D.N.Y. 1999) ......................................................................... 9

Los Angeles v. Lyons,
    461 U.S. 95 (1983) ................................................................................................. 17

Losner v. Cashline, L.P.,
    303 A.D.2d 647, 757 N.Y.S.2d 91 (App. Div. 2003) ................................................. 10

Lyman v. City of New York,
    2003 U.S. Dist. LEXIS 16471 (S.D.N.Y. Sept. 23, 2003) ......................................... 14

Malik v. Meissner,
    82 F.3d 560 (2d Cir. 1996) ...................................................................................... 3

Montayne v. Haymes,
    427 U.S. 236 (1976) ............................................................................................... 12

O'Hara v. Weeks Marine, Inc.,
   294 F.3d 55 (2d Cir. 2002) .............................................................................................................. 8

O'Shea v. Littleton,
   414 U.S. 488 (1974) ...................................................................................................................... 17

Odom v. Poirer,
   2004 U.S. Dist. LEXIS 25059 (S.D.N.Y. Dec. 10, 2004) .......................................................... 12

Owens v. Okure,
   488 U.S. 235 (1989) ........................................................................................................................ 4

Pennsylvania Dep't of Corrections v. Yeskey,
   524 U.S. 206 (1998) ...................................................................................................................... 15

Pritchett v. Artuz,
   1999 U.S. Dist. LEXIS 20041 (S.D.N.Y. January 3, 2000) ........................................................ 16

Rothschild v. Grottenthaler,
   907 F.2d 286 (2d Cir. 1990) ......................................................................................................... 15

Scott v. Goord,
   2004 U.S. Dist. LEXIS 21663 (S.D.N.Y. Oct. 27, 2004) ........................................................... 14

Seminole Tribe of Florida v. Florida, et al.,
   517 U.S. 44 (1996) ....................................................................................................................... 16

Shell v. Brzezniak,
   365 F. Supp. 2d 362 (2d Cir. 2005) .............................................................................................. 7

Sims v. Goord, et al,
   151 Fed. Appx. 12 (2d Cir. 2005) ................................................................................................. 8

Sloane v. Town of Greenburgh,
   2005 U.S. Dist. LEXIS 16107 (S.D.N.Y. July 27, 2005) ........................................................... 10

Smith v. Rochester Tel. Bus. Mktg. Corp.,
   786 F. Supp. 293 (W.D.N.Y. 1992), aff'd, 40 F.3d 1236 (2d Cir. 1994) ...................................... 9

Smith v. University of the State of New York,
   1997 U.S. Dist. LEXIS 20782 (W.D.N.Y. Dec. 31, 1997) ......................................................... 13

Soto v. Brooklyn Correctional Facility,
   80 F.3d 34 (2d Cir. 1996) .............................................................................................................. 7

Tapia-Ortiz v. Doe,
   171 F.3d 150 (2d Cir.1999) ........................................................................................................... 7

Tho Dinh Tran v. Alphonse Hotel Corp.,
   281 F.3d at 28-29 ........................................................................................................................... 8

Valley Forge Christian College v. Americans United for Separation of Church and State,
    464 U.S. 564 (1982) ................................................................................................ 18

Wilson v. Fairchild Republic Co., Inc.,
    143 F.3d at 738 (2d Cir. 1998) ................................................................................. 8

Wilson v. Garcia,
    471 U.S. 261 (1985) .................................................................................................. 4

Yaba v. Cadwalder, Wickersham & Taft,
    931 F. Supp. 271 (S.D.N.Y. 1996) .......................................................................... 14

Ying Jing Gan v. City of New York,
    996 F.2d 522 (2d Cir. 1993) .................................................................................... 17

**Federal Statutes**

28 U.S.C. § 1391(b) .................................................................................................... 2
28 U.S.C. § 1915(e)(2) ............................................................................................... 3
29 U.S.C. § 794(a) .................................................................................................... 15
42 U.S.C. § 1983 ................................................................................................. passim
42 U.S.C. § 12132 ............................................................................................... 13, 15
Title II ................................................................................................................ 13, 25
Rehabilitation Act § 504 ........................................................................................... 13

**Federal Rules**

Fed. R. Civ. P. 4(m) ................................................................................................... 5
Fed. R. Civ. P. 8(b)(2) ............................................................................................... 3
Fed. R. Civ. P. 12(b)(1) ..................................................................................... 1, 2, 3
Fed. R. Civ. P. 12(b)(6) ..................................................................................... 1, 2, 4
Fed R. Civ. P. 15 ........................................................................................................ 9
Fed. R. Civ. P. 15(c) .................................................................................................. 7
Fed. R. Civ. P. 15(c)(1) .......................................................................................... 5, 9
Fed. R. Civ. P. 15(c)(1)(B) ........................................................................................ 5
Fed. R. Civ. P. 15(c)(1)(C) ........................................................................................ 6
Fed. R. Civ. P. 15(c)(1)(c)(i)(ii) ................................................................................ 6
Fed. R. Civ. P. 15(c)(1)(C)(ii) ................................................................................... 7
Fed. R. Civ. P. 15(c)(1)(ii) ........................................................................................ 6

**State Statutes**

N.Y. Corr. Law § 137[6] .......................................................................................... 12

**State Rules and Regulations**

7 N.Y.C.R.R. § 300.2(a) ........................................................................................... 11
7 N.Y.C.R.R. § 300.2(b) ........................................................................................... 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOY MACCHARULO & DOLORES                    :
KUCHARCZYK, Co-Administratrix of the
Estate of FRANK KUCHARCZYK, deceased        :          08 Civ 301 (LTS)(THK)


                            Plaintiffs,        :


            v.                                 :


GLENN GOULD, et al.                            :
------------------------------------------------------------X

## **MEMORANDUM OF LAW IN SUPPORT**
## **OF DEFENDANTS' MOTION TO DISMISS**

### **Preliminary Statement**

This memorandum of law is submitted on behalf of defendants[1] in support of their motion

to dismiss Plaintiffs' Amended Complaint ("AC") pursuant to Federal Rules of Civil Procedure

12(b)(1) and (6).

In this action, plaintiffs, co-Administratrix of the Estate of Frank Kucharczyk, bring this

lawsuit on behalf of their brother, Frank Kucharcyzk ("decedent") who was an incarcerated

inmate and in the custody of the New York State Department of Correctional Services

("DOCS"). Plaintiffs contend that individual defendants violated decedent's constitutional rights

by being deliberately indifferent to his medical needs arising from his mental illness. Plaintiffs

further assert in their amended complaint that individual defendants in their official capacities

---

[1]Plaintiffs names over thirty defendants in the amended complaint. To our knowledge, the
following defendants have not been served: William Phillips, Fishkill Nurse Homell or Howell,
Fishkill Nurse 407, Nurse Furnorn, Ronald Nelson, Officer V. Lopiccolo, and Justin Thomas.
Accordingly, this motion is not being submitted on behalf of these individuals. Additionally, Glenn
Goord is the correct name for the former Commissioner of DOCS, not Glenn Gould and the
correction is reflected in this document.

and state entity defendants are in violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("Rehab Act"). See AC ¶ 122. Plaintiff seeks both monetary damages and injunctive relief. Id. § Introduction.

Defendants now move under Fed. R. Civ. P. 12(b)(1) and (6) to dismiss this action on the grounds that: (1) plaintiffs additional claims and defendants named in their amended complaint are barred by the three-year statute of limitations; (2) plaintiffs' claims under 42 U.S.C. §1983 do not amount to a constitutional violation; (3) plaintiffs further fail to state a claim for which relief can be granted under the ADA or Rehab Act; and (4) plaintiffs lack standing to seek injunctive relief.

## THE COMPLAINT

Decedent was convicted in 2002 of Attempted Robbery in the Second Degree and three counts of Assault in the Degree. He was incarcerated and in the custody of the New York State Department of Correctional Services ("DOCS") until his death of an alleged drug overdose on October 15, 2004. Decedent was housed in Fishkill, Auburn and Green Haven Correctional Facilities ("C.F."). AC ¶¶ 36, 37, 95.[2]

*Pro se* plaintiffs filed the original complaint in this case on October 15, 2007, exactly three years to the date of decedent's death. In that complaint, plaintiffs named only five defendants, Glenn Gould, Michael F. Hogan, Donald Sawyer, Robert Rizzo and William Connolly. Plaintiffs also named "John Doe", Mental Health Clinician at Fishkill C.F. and "James Doe", physician at Green

---

[2]Moreover, all claims in the complaint that arose out of events that transpired at Auburn C.F. must be severed and dismissed for incorrect venue. ( Amended Complaint ("AC") ¶¶55-69) (See 28 U.S.C. §1391(b)) Auburn C.F. is located in Cayuga County. Thus, all claims that arose out of Auburn C.F. must be transferred to the Northern District of New York.

Haven C.F. Plaintiffs brought the suit under 42 U.S.C. §1983 alleging that defendants violated decedent's constitutional rights by being deliberately indifferent to his mental illness needs by failing to "treat and/or implement an effective suicide prevention program" in violation of the 5th, 8th and 14th Amendments. See Complaint, filed October 15, 2007.[3]

## THE AMENDED COMPLAINT

The amended complaint was filed by counsel for plaintiffs on March 14, 2008. In the amended complaint, plaintiffs added 31 new defendants and included additional claims under the ADA and the Rehab Act. With the exception of Superintendent Connolly, all the original defendants from the initial complaint were also named. See AC.[4]

## STANDARD

On a motion to dismiss pursuant to Rule 12(b)(1), the Plaintiff carries the burden of establishing that subject matter jurisdiction exists over his complaint. Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996). It is well settled law in this Circuit that, in order to state a cognizable claim under 42 U.S.C. § 1983, a Plaintiff must allege conduct under color of state law that deprives him of rights secured by the Constitution or laws of the United States. Katz v. Klehammer, 902 F.2d 204, 206 (2d Cir. 1990).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint

---

[3]Plaintiff's original complaint was dismissed *sua sponte* pursuant to 28 U.S.C. 1915(e)(2).

[4]See AC ¶98 for the specific defendants named in their official capacities and New York State entities alleged to be in violation of the ADA and the Rehab Act. AC ¶102 lists the individual defendants alleged to be in violation of 42 U.S.C. §1983. Although plaintiffs name the State of New York, they do not attribute any wrongdoing by defendant State of New York in the body of the complaint, thus, defendants seek dismissal of this defendant. See Point IV, *infra*.

setting forth a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all of plaintiff's allegations as true and "draw all reasonable inferences in the plaintiff's favor." Jackson Nat. Life Ins. v. Merrill Lynch, 32 F.3d 697, 699-700 (2d Cir. 1994) (citation omitted); see also Erickson v. Pardus, __ U.S.__, 127 S. Ct. 2197 (2007); Iqbal v. Hasty, 2007 U.S. App. LEXIS 13911, *16 (2d Cir. June 14, 2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). Furthermore, Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Id., at 1965, fn. 3.

## ARGUMENT

### POINT I

## ADDITIONAL DEFENDANTS AND CLAIMS IN PLAINTIFFS' AMENDED COMPLAINT MUST BE DISMISSED AS THEY ARE BARRED BY THE STATUTE OF LIMITATIONS

Because there is no federal statute of limitations for § 1983 actions, federal courts borrow the relevant state law limitations period for personal injury actions for § 1983 actions, see Wilson v. Garcia, 471 U.S. 261, 276 (1985), which in New York is three years. See Owens v. Okure, 488 U.S. 235, 250-51 (1989). Likewise, the state law limitations period for claims under the ADA and Rehab Act also three years. Gardner v. Wansart, 2006 U.S. Dist. LEXIS 69491 (S.D.N.Y. Sept. 26, 2006) (applying New York's three-year statute of limitations to ADA and §1983 claims)

Accordingly, plaintiffs had to commence the action within three years from the date on which the claims accrued. Plaintiffs allege that defendants were indifferent to his needs from the "period of time commencing with the decision to transfer him from Auburn Correctional Facility....to Fishkill Correctional Center...and continuing until October 15, 2004..." (AC ¶104). Decedent was transferred to Auburn C.F. on June 27, 2003. (AC ¶ 54). Thus, plaintiffs had to file the complaint within three years of June 27, 2003 through October 15, 2004 to comply with the limitations period.[5]

Plaintiffs filed the original complaint on October 15, 2007, the last day the complaint could be filed under the applicable three-year statute of limitations since decedent died on October 15, 2004. (AC ¶95). All claims occurring prior to October 15, 2004 must be dismissed as being barred by the statute of limitations.

## A. Fed R. Civ. P. Rule 15 does not allow the complaint to be amended to name new defendants or to add new claims past the statute of limitations time limit

Fed R. Civ. P. Rule 15(c)(1) states:

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

---

[5] Plaintiff fails to assert any dates for their claims under the ADA or Rehab Act. Insofar as these claims follow the §1983 claims, the same rules requiring filing of the complaint within the set proposed time limitation applies. (See Point III)

5

(i) received such notice of the action that it will not be prejudiced
in defending on the merits;

and (ii) knew or should have known that the action would have
been brought against it, but for a mistake concerning the proper party's identity.

i.      Adding New Defendants

In addition, all new defendants named in the amended complaint must be dismissed as

time barred since the additional of new defendants cannot be attributable to a 'mistake' as

defined by Fed. R. Civ. P. 15(c)(1)( C) and thus, the addition of new defendants cannot relate

back to the date the original complaint was filed.

Plaintiffs name an additional 31 defendants in their amended complaint to this action.

However, such an amendment is not proper under the federal rules in that the amendment does

not relate back to the date of the filing of the original complaint because the amendment does not

fall under any of the conditions provided under Fed. R. Civ. P. 15(c)(1)(c)(i)(ii). There is no

indication that any of the new parties would have been placed on notice by the prior filing of the

original complaint. It is important to note that none of the parties have not been substituted or

replaced but instead, new parties have been added to the complaint. The naming of new parties

does not fall under any of the "mistakes" as noted under subsection ii of Rule 15(c)(1)(C).

Instead the courts are consistent in noting that the adding of new names to the complaint that

were not included in the original complaint does not constitute a mistake. The addition of new

names not previously identified in the original complaint, is not permissible, and thus, the

addition of these new individuals cannot relate back to the date of the original filing. Therefore,

the addition of new defendants is barred by the statute of limitations. Also, even if plaintiffs

claim that they lacked knowledge of the names of the parties, such lack of knowledge is not

6

sufficient to warrant a "mistake" under Rule 15(c)(1)(C)(ii). See Shell v. Brzezniak, 365 F.Supp. 2d 362, 368 (2d Cir. 2005); Johnson v. Constantellis, 221 Fed. Appx. 48, 50 (2d Cir. 2007); Soto v. Brooklyn Correctional Facility, 80 F.3d, 34, 35 (2d Cir. 1996). Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 468 (2d Cir.1995), amended by 74 F.3d 1366 (2d Cir.1996)("[B]ut the failure to identity individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake").

Plaintiffs notably named John Doe and James Doe in their original complaint. However, the designation of John Doe and James Doe parties does not give permission to add numerous previously unnamed parties to the action. In fact, the courts have held that using "John Doe" as a place holder to circumvent the statute of limitations is not permissible. When a person's name replaces "John Doe", that change in the caption is a change in the parties being sued and is only permitted if the specifications of Rule 15(c) are met. Id at 468; Tapia-Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir.1999); Aslanidis v. United States Lines, 7 F.3d 1067, 1075 (2d Cir. 1993)("It is familiar law that John Doe pleadings cannot be used to circumvent statutes of limitations because replacing a "John Doe" with a named party in effect constitutes a change in the party sued.")(citations omitted). Since the statute of limitations is not tolled by the naming of a John Doe, Barrow v. Wethersfield Police Dept., 66 F.3d 466, 470 (2d Cir. 1995), only claims against the named defendants arising after October 15, 2004 are within the statute of limitations. There are no such claims, and thus, all newly named defendants must be dismissed as a matter of law.

ii.     Adding New Claims

In order to determine whether the claims arise from the same conduct, "the pertinent inquiry... is whether the original complaint gave the defendants fair notice of the newly alleged

7

claims." Wilson v. Fairchild Republic Co., Inc., 143 F.3d at 738 (2d Cir. 1998), see also Sims v.

Goord, et al, 151 Fed. Appx. 12, 14 (2d Cir. 2005)(Court held that plaintiff did not give

defendants notice that it would bring an eighth amendment challenge for his confinement at the

special housing unit ("SHU") because his time in SHU was never referred to in that context);

O'Hara v. Weeks Marine, Inc., 294 F.3d 55, 68 (2d Cir. 2002); Tho Dinh Tran v. Alphonse Hotel

Corp., 281 F.3d at 28-29 (The allegation in the original complaint that the defendants underpaid

the plaintiff did not relate to or foreshadow the allegation in the amended complaint that the

defendants tried to bribe union officials and thus undermine them. The RICO claim thus did not

relate back to the original complaint.).

Clearly, any new claims that plaintiffs assert against the correctional officers named in the

amended complaint must be dismissed as they have no relation to the original claims alleging a

"mental health delivery system that is and was wholly inadequate to address the treatment needs

of those seriously mentally ill..." Complaint, p. 3, ¶ III - Statement of Claim. In the original

complaint, no correctional officers were alleged by plaintiffs to have been involved in the mental

health delivery system in any way and thus, the correctional officers now named in the amended

complaint could not have been put on notice of any possible claims against them regarding

decedent Kucharzyk at the time the original complaint was filed. For example, in the amended

complaint, plaintiffs allege that correctional officers at Auburn, Fishkill and Green Haven

violated decedent's constitutional rights by issuing disciplinary tickets, confining decedent in

Special Housing Unit ("SHU"), pat frisking decedent and grabbing and throwing decedent

against a wall. AC ¶¶83-85, 89. As no such claims were made in the original complaint, there is

8

no correlation between the claims plead in the original complaint and the claims plead against the

correctional officer defendants in the amended complaint. Thus, these claims must be dismissed

as they do not relate back to the filing of the original complaint and are barred by the statute of

limitations.

## B.   New York State Relations Back doctrine does not allow the complaint to be amended to name new defendants or to add new claims past the statute of limitations time limit

Under the federal law, "if the claim arises under state law, or if the court borrows a state

statute of limitations, relation back is to be determined by whichever procedural rule gives the

most favorable result to the plaintiff." Smith v. Rochester Tel. Bus. Mktg. Corp., 786 F.Supp.

293, 308 (W.D.N.Y. 1992)(citing Fed. R. Civ. P. 15 advisory committee's note on 1989

proposed amendments to Rule), aff'd, 40 F.3d 1236 (2d Cir. 1994); see also Lieber v. Vill. of

Spring Valley, 40 F.Supp.2d 525, 532 (S.D.N.Y. 1999). Even in applying the more generous

New York relation back principles, additional new claims and defendants in the amended

complaint must be dismissed.

Under New York law, an amended complaint relates back to the original complaint

where: "(1) both claims arose out of the same conduct, transaction or occurrence, (2) the new

party is united in interest with the original defendant, and by reason of that relationship can be

charged with such notice of the institution of the action that the new party will not be prejudiced

in maintaining its defense on the merits by the delayed, otherwise stale, commencement, and (3)

the new party knew or should have known that, but for a mistake by the plaintiff as to the identity

of the proper parties, the action would have been brought against that party as well." Abdell v.

9

City of New York, 2006 U.S.Dist.LEXIS 65222 at *6-7 (S.D.N.Y. September 12, 2006)(citing

Losner v. Cashline, L.P., 303 A.D.2d 647, 757 N.Y.S.2d 91, 93 (App. Div. 2003).

Similar to the analysis under the federal rule, here, plaintiffs are estopped from amending

their complaint to add new defendants and new claims because the new parties, who range from

retired Superintendents, correctional officers and medical staff from three separate correctional

facilities, had no notice that would permit the Court to find that they knew or should have known

the action would be brought against them.  There was no mistake in failing to name these

defendants in the original complaint which was filed exactly three years after the date of the

incident complained of in this matter.  Instead, plaintiffs attempt at this too late date to adopt a

kitchen-sink approach and name any and all possible parties that decedent may or may not have

come in contact with during his incarceration.  Even failing to timely acquire records or

documents which would have revealed the names of additional parties is not considered a

mistake under the more lenient guidelines proscribed by the New York relation back doctrine.

See Abdell at *21; see also Sloane v. Town of Greenburgh, 2005 U.S.Dist. LEXIS 16107 at *5

(S.D.N.Y. July 27, 2005).

Similarly, any new claims against correctional officers alleged in the amended complaint

must also be dismissed as these claims are not related to the original transaction, event or

occurrence.  (See Point I(A)(ii) *supra)*.

10

Therefore, the only remaining claims that are not time barred are plaintiffs' allegations

against defendants Goord (see fn. 1), Hogan, Sawyer, and Phillips under 42 U.S.C. § 1983.[6]

However, these claims must also be dismissed for reasons discussed *infra*. (See Point III).

## POINT II

## PLAINTIFFS FAIL TO STATE A CLAIM UNDER §1983 UPON WHICH RELIEF CAN BE GRANTED AGAINST INDIVIDUAL DEFENDANTS

### A.     New York Rules and Regulations Governing Disciplinary Sentences Do Not Provide Plaintiff With A Constitutionally Protected Liberty Interest

The rules and regulations governing disciplinary sentences and the resulting confinement

do not create a liberty interest under New York law. Frazier, 81 F.3d at 317 (state prison

regulations that place an inmate in keeplock do not constitute a dramatic departure from the basic

conditions of an inmate's sentence "in which [New York] might conceivably create a liberty

interest"). Plaintiff cannot state a due process claim unless he establishes "both that the

confinement . . . creates 'atypical and significant deprivation' . . . and that the state has granted its

inmates, by regulation or by statute, a protected liberty interest in remaining free from that

confinement"), Frazier, 81 F.3d at 317 (emphasis added).

Inmates may be placed in SHU for any reason. See 7 N.Y.C.R.R. § 300.2(b) (SHU "may

be used to house inmates . . . pursuant to . . . this Title as well as such other inmates as approved

by the Commissioner or his designee"); see also id. § 301.7(a) ("[a]n inmate may be admitted to

special housing unit for any other reason"). Indeed, New York law provides that: "[t]he

---

[6] Plaintiff does not name Superintendent Connolly, who was named in the original complaint, in the amended complaint.

11

superintendent of a correctional facility may keep any inmate confined in a cell or room, apart from accommodations provided for inmates who are participating in programs of the facility, for such period as may be necessary for maintenance of order or discipline." N.Y. Corr. Law. § 137[6].

Accordingly, in the instant case, even if plaintiff could establish that his confinement in keeplock was an "atypical and significant hardship," he cannot establish that New York has actually created, by regulation or statute, a liberty interest in SHU. Thus, the Court need not reach the issue of whether plaintiff's due process rights were violated.

## B.    Decedent's Transfer to a Different Facility Does Not Create a Constitutionally Protected Liberty Interest

Plaintiffs also alleges that despite decedent's protest, he was transferred back to Fishkill C.F., a medium security facility from Auburn C.F. (AC ¶¶ 66-68 )  However, once again plaintiffs' allegation that his transfer to a different facility triggers a liberty interest must fail. "It is well established that the transfer of a prisoner from one institution to another does not trigger the protection of the Due Process Clause." Odom v. Poirer, 2004 U.S. Dist. LEXIS 25059 at *26 (S.D.N.Y. Dec. 10, 2004)(internal citations omitted).  An inmate does not have the right to determine which correctional facility he will incarcerated in.  Rather, "prison officials have broad discretion to transfer prisoners to another facility." Id. at * 27 (citing Montayne v. Haymes, 427 U.S. 236, 243 (1976).  Accordingly, plaintiff's assertion that he was transferred to Auburn C.F. despite his protests, in and of itself, does not establish any constitutional violation.

12

## POINT III

# PLAINTIFF FAILS TO STATE ANY VIABLE CLAIMS FOR RELIEF UNDER ADA AND REHAB ACT

## A.    No Individual Liability Under ADA and Rehab Act

There is no individual liability against the individually named defendants under the ADA

or the Rehab Act in either their official or individual capacities. The ADA itself clearly states that

"entities" and "program or activity," not individuals, are to be the subject of the statutes. Title II

of the ADA states that "no qualified individual with a disability shall, by reason of such

disability, be excluded from participation in or be denied the benefits of the services, programs,

or activities of a public entity, or be subjected to discrimination by any such *entity.* " 42 U.S.C. §

12132 (italics added). See Smith v. University of the State of New York, 1997 U.S. Dist.

LEXIS 20782, \*22 (W.D.N.Y. Dec. 31, 1997)("The legislative history of the ADA indicates that

the discriminatory practices of public entities, and not individuals, are the target of Title II").

"Individuals cannot be named as defendants in suits under either the ADA or the

Rehabilitation Act in their official or representative capacities."); Johnson v. Goord, 2004

U.S.Dist. LEXIS 19658 at \*19 (S.D.N.Y. Sept. 29, 2004)("Plaintiffs' claims against the

individual defendants in their official capacities under § 504 of the Rehabilitation Act and Title II

of the ADA fail because those laws do not provide for money damages against the state or state

officials in their official capacities...") The cases in the Southern District in particular have been

consistent in their decisions asserting that there is no individual liability under those statutes. See

also, Hallett v. New York State Dep't of Correctional Services, 109 F.Supp. 2d 190, 199

(S.D.N.Y. 2000)(Chin, J.)(holding individual defendants may not be held liable under either the

ADA or the Rehabilitation Act in either their official or individual capacities); Scott v.

Goord,2004 U.S. Dist. LEXIS 21663 *28 (S.D.N.Y. Oct. 27, 2004)(Swain, J.); Candelaria v.

Cunningham, 2000 U.S. Dist. LEXIS 8669, * 8 (S.D.N.Y. June 20, 2000)(Preska, J.)(rejecting

individual liability under the ADA and the Rehabilitation Act in either official or individual

capacity); Harrison v. Indosuez, 6 F.Supp. 2d 224, 226 (S.D.N.Y. 1998)(individuals may not be

held liable under ADA in either their official or individual capacities); Lyman v. City of New

York, 2003 U.S. Dist. LEXIS 16471, *28 (S.D.N.Y. Sept. 23, 2003)(Sweet, J.)(holding there is

no individual liability under either the ADA or the Rehabilitation Act); Hucks v. Artuz, 2001

U.S. Dist. LEXIS 2275, *15 (S.D.N.Y. Feb. 27, 2001)(Ellis, M.J.)(rejecting individual liability

under ADA in either official or individual capacity); Cerrato v. Durham, 941 F. Supp. 388, 395

(S.D.N.Y. 996)(Preska, J.)"the arguments against individual liability apply with equal force to

the mirror-image statutory provisions of Title VII and the ADA"); Altman v. New York City

Health and Hospitals Corp., 903 F.Supp. 503, 508 (S.D.N.Y. 1995)(rejecting individual liability

under the ADA based on reasoning "which is drawn from several other recent decision barring

individual liability under other federal antidiscrimination statutes"); Yaba v. Cadwalder,

Wickersham & Taft, 931 F.Supp. 271 (S.D.N.Y. 1996)("The ADA, like Title VII, does not

provide for liability by individual employees".) Therefore, all claims under the ADA or the

Rehab Act against individual defendants Goord, Hogan, Sawyer, Mazzuca, Burge and Phillips

must be dismissed.

14

## B.      **Plaintiff Fails to State a Claim for Relief under Title II of the ADA or § 504 of the Rehab Act**

Title II of the ADA and §504 of the Rehab Act apply to inmates in state prisons. See

Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206 (1998) (ADA); Clarkson v. Coughlin,

898 F. Supp. 1019, 1035-36 (S.D.N.Y. 1995) (Rehabilitation Act). Title II of the ADA provides:

"Subject to the provisions of this subchapter, no qualified individual with a disability shall, by

reason of such disability, be excluded from participation in or be denied the benefits of the

services, programs, or activities of a public entity, or be subjected to discrimination by any such

entity." 42 U.S.C. § 12132. To state a claim under Title II, a prisoner must show he or she is:

"(1) a 'qualified individual with a disability'; (2) being excluded from participation in, or being

denied the benefits of some service, program, or activity by reason of his or her disability; and (3)

the entity [that] provides the service, program, or activity is a public entity." Clarkson, 898 F.

Supp. at 1037; see also Carrasquillo, 324 F. Supp. 2d at 443.

Likewise, to state a claim under § 504 of the Rehab Act, a prisoner must establish that he

or she is: (1) a "qualified individual with a disability"; (2) "otherwise qualified" to participate in

the offered activity or program or to enjoy the services or benefits offered; (3) being excluded

from participation or enjoyment solely by reason of his disability; and (4) the entity denying the

inmate participation or enjoyment receives federal financial assistance. 29 U.S.C. § 794(a); see

Clarkson, 898 F. Supp. at 1036 (citing Rothschild v. Grottenthaler, 907 F.2d 286, 289-90 (2d Cir.

1990)).

Here, although plaintiffs allege that decedent was disabled as a result of his mental illness

and has asserted a deliberate indifference claim with respect to his treatment for his mental

15

illness while incarcerated, plaintiffs fail to state how, by reason of decedent's disability, he was excluded from participating in a prison program, benefit, service or activity. See Carrasquillo v. City of New York, 324 F. Supp. 2d 428, 443 (S.D.N.Y. 2004) (collecting cases that there must be an exclusion by reason of the disability). Rather, plaintiffs simply assert broad conclusory claims under both statutes without alleging any claims that decedent was excluded from participating in any prison program, benefit, service or activity. Thus, all of plaintiff's claims against under the ADA and the Rehab Act must be dismissed for failure to state a claim.

## POINT IV

## THE COURT LACKS JURISDICTION UNDER
## THE ELEVENTH AMENDMENT

Eleventh Amendment immunity extends to actions for damages against state officials sued in their official capacities if the state is the real party in interest. See Pritchett v. Artuz, 1999 U.S. Dist. LEXIS 20041 at *12-13 (S.D.N.Y. January 3, 2000); Seminole Tribe of Florida v. Florida, *et al.*, 517 U.S. 44, 73-73 (1996); Farid v. Smith, 850 F.2d 917, 921 (2d Cir. 1988); see also Kentucky v. Graham, 473 U.S. 159, 169 (1985) (Eleventh Amendment immunity remains in effect when state officials are sued for damages in their official capacities). In order to determine whether the action is an official or individual capacity suit, this Court must look behind the designation and determine whether "the State is the real substantial party in interest." Ford Motor Co. v. Department of Treasury of State of Indiana, 323 U.S. 459, 464 (1945), *overruled in part by* Lapides v. Bd. of Regents of the University System of Georgia, *et al.*, 535 U.S. 613 (2002). If the State is the real party in interest, the action is an official capacity suit for damages against the

16

officer which, under the Eleventh Amendment, the district court lacks subject matter jurisdiction to entertain.

Accordingly, to the extent that plaintiffs make §1983 claims for monetary relief against individuals in their official capacities and to the state and its agencies, these claims should be dismissed because they are barred by the Eleventh Amendment. (See fn. 3). Because to the extent that plaintiff brings this suit against the defendants in their official capacities, it is no different from a suit against the State itself. Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993) (citing Kentucky v. Graham, 473 U.S. 159, 166-167 (1985)).

## POINT V

## PLAINTIFFS HAVE NO STANDING TO BRING CLAIMS FOR INJUNCTIVE RELIEF

"It is for the courts to remedy past or imminent" constitutional violations; "it is for the political branches of the State and Federal Governments to manage prisons in such fashion that," further constitutional violations will not occur. Lewis v. Casey, 518 U.S. 343, 349 (1996). "[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974), quoted in Los Angeles v. Lyons, 461 U.S. 95, 102 (1983). "[A] plaintiff must demonstrate standing separately for each form of relief sought." Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc., 528 U.S. 167, 185 (2000) (citations omitted).

17

In the instant case, plaintiffs, as co-administratrix of decedent's estate, cannot

demonstrate standing for injunctive relief.[7] They are not incarcerated inmates. See Valley Forge

Christian College v. Americans United for Separation of Church and State, 464 U.S. 564, 574

(1982) ("[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest

his claim to relief on the legal rights or interests of third parties"). Moreover, the decedent is no

longer an incarcerated inmate and thus any claims for injunctive relief are moot and must be

dismissed. See Clarkson v. Coughlin, 783 F.Supp. 789 (S.D.N.Y. 1992).

## CONCLUSION

For all of the aforementioned reasons, plaintiffs' complaint must be dismissed in its

entirety against all defendants.

---

[7]From the AC, it appears the only specific injunctive relief requested by plaintiffs is "[d]efendant to perform a self-evaluation." (AC p. 26).

18

Dated: New York, New York
     June 16, 2008

Respectfully submitted,
ANDREW M. CUOMO
Attorney General of the State of New York
Attorney for Defendant

By:

JULIA H. LEE
Assistant Attorney General
120 Broadway
New York, New York 10271
(212) 416-6234

TO:    Courtney Black, Esq.
       Counsel for Plaintiffs
       Bonjean Law Group, PLLC
       11 Broadway, Ste. 600
       New York, NY 10004

STATE OF NEW YORK    )
                     : SS.:
COUNTY OF NEW YORK )

        JULIA LEE being duly sworn, deposes and says:

        That she is an Assistant Attorney General in the office of ANDREW CUOMO,

the Attorney General of the State of New York, Attorney for defendants herein. On the 16th of

June, 2008 she served the annexed Notice of Motion and Defendants' Memorandum of Law in

Support of Their Motion to Dismiss by first class mail upon the following named person:

                Courtney Black, Esq.
                Counsel for Plaintiffs
                Bonjean Law Group, PLLC
                11 Broadway, Ste. 600
                New York, NY 10004

PRO SE in the within entitled proceeding by depositing a true and correct copy thereof, properly

enclosed in a post-paid wrapper, at a mailbox regularly maintained by the Government of the

United States located at 120 Broadway, New York, New York 10271, directed to said counsel for

plaintiff at the address within the State designated by her for that purpose.

                                        _____
                                        JULIA LEE