**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

JOY MACCHARULO & DOLORES
KUCHARCZYK, Co-Administratrix of the
Estate of FRANK KUCHARCZYK, deceased,

                Plaintiffs,                        08 CV 00301 (LTS)(THK)

    -against-

                                              Filed by Electronically

GLENN GOULD, et al.

                Defendants.

-----------------------------------------------------------------X

### PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

_____

_____JENNIFER BONJEAN, ESQ.
COURTNEY BLACK, ESQ.
Bonjean Law Group, PLLC
11 Broadway, Ste. 600
New York, NY 10004
(212) 825-1080

_____ATTORNEYS FOR PLAINTIFFS

## **TABLE OF CONTENTS**

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PROCEDURAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.    PLAINTIFFS' AMENDED COMPLAINT FILED MARCH 14, 2008 IS NOT TIME-
      BARRED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II.   PLAINTIFFS' AMENDED COMPLAINT SETS FORTH SPECIFIC FACTUAL
      ALLEGATIONS INDICATING A DEPRIVATION OF KUCHARCZYK'S
      CONSTITUTIONAL RIGHTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

III.  PLAINTIFFS SUFFICIENTLY PLED AN ADA AND REHAB ACT CLAIMS. . . . . . 15

IV.   PLAINTIFFS CONCEDE THAT ELEVENTH AMENDMENT IMMUNITY BARS AN
      ACTION FOR MONETARY DAMAGES AGAINST NEW YORK STATE, ITS
      AGENCIES AND OFFICIALS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

V.    PLAINTIFF CONCEDES THAT BECAUSE KUCHARCZYK IS NO LONGER
      INCARCERATED IN DOCS, PLAINTIFFS LACK STANDING TO SEEK
      INJUNCTIVE RELIEF AGAINST DOCS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

i

## INTRODUCTION

Defendants filed a Motion to Dismiss plaintiffs complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendants assert that 31 of the named defendants in plaintiffs' complaint must be dismissed on statute of limitation grounds and plaintiffs' § 1983 claim involving the conduct of various Fishkill Correctional officers is similarly time-barred.  Further, defendants urge this Court to dismiss plaintiffs' complaint for failure to state a claim under either Section 1983 of the Civil Rights Act or the ADA and Rehab Act. Defendants challenge this Court's jurisdiction over the matter on Eleventh Amendment grounds. And lastly, defendants contend that plaintiffs lack standing to bring claims for injunctive relief.

In considering a motion to dismiss, the court must accept as true all factual allegations in the complaint and must draw all inferences in favor of the plaintiff. *Todd v. Exxon Corp.* 275 F.3d 191, 197 (2d. Cir. 2001). The complaint should be read generously, and dismissal is not warranted, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 297-98.

As will be set out below in detail, defendants' motion to dismiss must be dismissed where plaintiffs' Amended Complaint was timely filed and alleges a set of facts that would entitle him to relief under § 1983, Title II of the ADA and Section 504 of the Rehab Act. Plaintiffs concede that there is no individual liability under the ADA or Rehab Act and that the Eleventh Amendment immunity clause precludes plaintiffs from suing the state, its agencies, and its officials for monetary relief. However, plaintiff continues to assert that state actors can be sued individually under § 1983.  Lastly, plaintiff concedes that because Mr. Kucharczyk is no longer incarcerated in DOCS, plaintiffs lack standing to seek injunctive relief.

1

## PROCEDURAL BACKGROUND

Plaintiffs Joy Maccharulo and Dolores Kucharczyk, appearing *pro se*, filed a complaint on October 15, 2007 on behalf of the estate of their deceased brother Frank Kucharczyk ("Kucharczyk").  Plaintiffs alleged that while Kucharczyk was incarcerated in the New York Department of Corrections ("DOCS"), he was deprived treatment for a "serious psychologically debilitating medical condition," suffered severe emotional torture, was kept in solitary confinement notwithstanding his "severe mental illness," and died of an Olanzapine overdose on October 15, 2004 while in the custody of DOCS (O.C. 3)[1] Plaintiffs named as defendants, Glenn Goord, Commissioner of the New York Department of Corrections; Michael Hogan, Commissioner of the New York State Office of Mental Health; Donald Sawyer, Executive Director of New York Psychiatric Center; the Superintendent of Fishkill Correctional Facility, Robert Rizzo, the Mental Health Unit Chief of Fishkill; a John Doe mental health clinician at Fishkill; and a James Doe physician at Green Haven Correctional Center. (O.C. 2)

Chief Judge of the United States District Court for the Southern District of New York, Kimba M. Wood, entered an order dated January 14, 2008 dismissing all plaintiffs' §1983 claims against New York State agencies on Eleventh Amendment immunity grounds. (J. Wood Order 4) However, the court granted plaintiffs leave to amend their complaint to identify the defendants who were personally involved in the underlying events and to specify with detail the conduct of those defendants and how their actions constituted deliberate indifference. (J. Wood Order 7) The Court ruled:

> The Court grants plaintiffs leave to amend their complaint in order to comply with

---

[1] "O.C." refers to "Original Complaint" while "A.C." refers to "Amended Complaint"

2

this order. Specifically, plaintiffs must name defendants who were personally
involved in the underlying events, and they must provide as much detail as
possible about what each defendant did, when they did it, and how those actions
constituted deliberate indifference. The amended complaint must be submitted to
this Court's *Pro Se* Office within sixty (60) days of the date of this order, be
captioned as an "AMENDED COMPLAINT" and bear the same docket number
as this order. Plaintiffs are advised that the amended complaint ***will completely
replace*** his original complaint and thus they must reallege the claims they seek to
pursue. (emphasis in original) No Summons shall issue at this time and all further
proceedings shall be stayed for sixty (60) days or until plaintiffs have complied
with this order. If plaintiffs fail to comply with this order within the time allowed
or show good cause why they cannot comply, the complaint with be dismissed.

Once submitted, the amended complaint shall be reviewed for compliance
with this order and substantive sufficiency and then, if proper, the case shall be
reassigned to a district judge in accordance with the procedures of the Clerk's
Office. *Id*.

Critically, Judge Woods expressly ruled that if plaintiffs do not know the name of an individual,

they may identify him or her with the name John or Jane Doe. (J. Wood Order 2)

On March 14, 2008, Plaintiffs, through retained counsel, filed an Amended Complaint in

compliance with Judge Wood's Order. (A.C.) Defendants thereafter moved to dismiss plaintiffs

Amended Complaint.

## ARGUMENT

## I.   PLAINTIFFS' AMENDED COMPLAINT FILED MARCH 14, 2008 IS NOT

## TIME-BARRED.

Defendants contend that the statute of limitations expired in this cause on March 15, 2007

and that claims or defendants added after this date must be dismissed as time-barred. (Def. Mtn.

at 5) Because the district court expressly stayed the proceedings upon the filing of the original

complaint to allow plaintiffs 60 days to identify defendants and specify their involvement in the

underlying facts, plaintiffs' Amended Complaint, adding defendants and any new claims, is

properly filed within the applicable statute of limitations.

3

As set out above, plaintiffs, acting *pro se*, filed a complaint in this Court on October 15, 2007, alleging that various State actors employed by DOCS and the New York Office of Mental Health violated their brother, Frank Kucharczyk's civil rights under §1983 by failing to properly treat his serious mental illness and ultimately causing his death by Olanzapine overdose on October 15, 2004. Chief Judge Wood entered an order, dated January 14, 2008, expressly staying the action for 60 days to allow plaintiffs an opportunity to identify defendants and specify their involvement in the events leading up to and including the death of Kucharczyk. Plaintiffs, through counsel, filed an Amended Complaint on March 14, 2008 filed that complied with Judge Wood's order.

The district court properly exercised its discretion to stay the proceedings for 60 days upon the filing of plaintiffs' *pro se* complaint thereby tolling the statute of limitations until March 15, 2008. Plaintiffs filed their amended complaint on March 14, 2008. Accordingly, plaintiffs' Amended Complaint is not time-barred and all defendants and claims[2] brought in the Amended Complaint are properly before this Court.

**Applicable Statute of Limitations**

Congress did not establish a statute of limitations or a body of tolling rules applicable to actions brought in federal court under § 1983. *Board of Regents of the University of the State of New York et al. v. Tomanio*, 446 U.S. 478, 483 (1980). When such a void occurs, the federal courts borrow the state law of limitations governing an analogous cause of action. *Id*. In New York that applicable statue of limitations is three years. *Owens v. Okue*, 488 U.S. 255 (1989);

---

[2] As will be addressed *infra*, plaintiffs contend that even if the statute of limitations expired prior to the filing of plaintiffs' Amended Complaint, plaintiff did not add any new §1983 claims.

*Allaway v. McGinnis*, 362 F. Supp. 2d 390, 392 (W.D.N.Y. Mar. 28, 2005). The statute of

limitations period for claims brought under the ADA and Rehab Act is also three years. *Garnder*

*v. Wansart*, 2006 U.S. Dist. LEXIS 69491 (S.D.N.Y Sept. 26, 2006). Federal law does, however,

govern the accrual date of §1983 claims and "establishes as the time of accrual that point in time

when the plaintiff knows or has reason to know of the injury which is the basis of his action.

*Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980). *Smith v. Keane et al.*, 1998 U.S.

Dist. LEXIS 3702, *8 (S.D.N.Y. March 25, 1998).

**Judge Wood Properly Exercised Her Discretion to Suspend the Statute of Limitations for**

**60 days.**

In the instant case, plaintiffs' claims accrued on March 15, 2004, the date of Mr.

Kucharczyk's death[3]. Thus, the plaintiffs were obligated to bring a cause of action on or before

March 15, 2007 - the 3-year deadline for timely filing a complaint. Plaintiffs did exactly that;

however, as observed by Judge Wood in her order dated January 14, 2008, plaintiffs' complaint

was substantively deficient and subject to immediate dismissal. Likely recognizing that the

statute of limitations expired that same day, Judge Wood *sua sponte* granted plaintiffs a 60-day

extension for filing a complaint that complied with federal pleading requirements.

Judge Wood properly exercised her authority to stay the proceedings so that plaintiffs

---

[3]  Defendants suggest that the accrual date is actually earlier because plaintiffs complain
that in the months preceding and culminating in Kuchzrczyk's death, prison officials were
deliberately and intentionally indifferent to the medical and psychological needs of Kucharczyk.
Defendants' argument on this point has no merit, since plaintiffs did not know and had no reason
to know of any injury suffered by Mr. Kucharczyk until his death of an Olanzapine overdose on
March 15, 2004. *See, e.g., Natale v. United States of America*, 1985 U.S. Dist. LEXIS 17470
(S.D.N.Y. July 26, 1985) (holding that a cause of action for wrongful death accrues at the time of
the death rather than at the time the decedent suffered any medical negligence leading to that
wrongful death).

could file a legally sufficient complaint *within* the 3-year statute of limitations. Because statute of limitations are subject to waiver, estoppel, and equitable tolling, they are not a jurisdictional pre-requisite to filing a complaint. *Bigio v. Coca-Cola Co.*, 239 F.3d 440, 455 (2d. Cir. 2000). Indeed, the Second Circuit held that an opportunity to amend may be appropriate even when the action is seemingly barred by the statute of limitation. *See Polanco v. DEA*, 158 F.3d 647, 649 (2d Cir. 1998). A court may allow equitable tolling when "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period." *South v. Saab Cars USA, Inc*. 28 F.3d 9, 11 (2d Cir. 1994), *Manley v. New York City Police Dept.,* 2005 U.S. Dist. LEXIS 24379, *8 (S.D.N.Y. October 18, 2005).

Here, plaintiffs, acting *pro se*, filed a complaint in the district court, alleging that Kucharczyk's civil rights were violated by state actors who willfully deprived him of necessary medical and psychiatric treatment, were consciously indifferent to his special mental health needs, and ultimately caused his death by Olanzapine overdoes. Plaintiffs diligently pursued their rights and with limited information attempted to file a complaint that adequately met pleading requirements. Judge Wood clearly recognized that despite the pleading insufficiencies in the *pro se* complaint, plaintiffs had viable and meritorious claims related to the tragic death of their brother. Consistent with her authority to equitably toll the statute of limitations, Judge Wood properly granted a 60-day stay. Notably, defendants have not argued that Judge Wood did not have the authority to order the stay was abused her discretion in doing so.

Furthermore, New York state tolling provisions are applicable here and dictate against a finding that plaintiffs' Amended Complaint is time-barred. When a federal court looks to state law to determine the most appropriate statute of limitations, it must also apply the state's rules as

6

to the tolling of that statute. *Pearl v. City of Long Beach,* 296 F.3d 76, 80 (2d Cir. 2002). New

York Civil Practice Law and Rules ("CPLR") 204(a) provides that "[w]here the commencement

of an action has been stayed by a court or by statutory prohibition, the duration of the stay is not

part of the time within which the action must be commenced."

While the plaintiffs attempted to commence their action on October 15, 2007, Judge Wood

ruled that their complaint failed to adequately plead personal involvement and was subject to

dismissal. However, consistent with principles of equity, Judge Wood stayed the proceedings 60

days so that plaintiffs could re-commence the action in an Amended Complaint. Indeed, Judge

Woods expressly stated in her order that the Amended Complaint "***will completely replace***"

(emphasis in original) the original complaint. Thus, under CPLR 204(a), the 60-day stay by court

is omitted from the 3-year statute of limitation period, and plaintiffs' Amended Complaint is not

time-barred.

Significantly, had Judge Wood simply dismissed plaintiffs original complaint rather than

enter a 60-day stay, plaintiffs could have timely re-filed their complaint pursuant to CPLR

205(a). The tolling provision set out in CPLR 205(a) provides in pertinent part:

> If an action is timely commenced and is terminated in any other manner than by
> voluntary discontinuance, a failure to obtain personal jurisdiction over the
> defendant, a dismissal of the complaint for neglect to prosecute an action, or a
> final judgment on the merits, the plaintiff may commence a new action upon the
> same transaction or occurrence or series of transaction or occurrences within six
> month after the termination provided that the new action would have been timely
> commenced at the time of the commencement of the prior action and that service
> upon defendant is effected within such six-month period.

This provision tolls the statute of limitations during the pendency of an action that has been

terminated for what is usually a curable defect. *Allaway*, 362 F. Supp. at 393. The purpose of

CPLR § 205(a) "is to avert unintended and capricious unfairness by providing that if the first

complaint was timely but was dismissed for such curable reasons, the suit may be reinstituted within six months of the dismissal." *Hakala v. Deutsche Bank AG*, 343 F.3d 111, 115 (2d Cir. 2003). The Second Circuit in *Hakala* elaborated on the purpose of §205(a):

> Aggrieved plaintiffs who institute their actions within the time specified by law sometimes suffer a dismissal, intended as provisional, as the result of some remediable deficiency, such as omission of an allegation necessary to the pleading, failure to exhaust an administrative prerequisite, or the like. For reasons, the plaintiff is powerless to protect against, such a dismissal may be ordered . . . after the expiration of the time allowed for instituting such a suit, and without offering the plaintiff the opportunity to replead in the original action. Such a dismissal, although intended by the court as a temporary measure, nonetheless may have the effect of permanently barring the plaintiff's suit. Without the remedial benefit of §205(a), it would be unclear how much time, if any, the plaintiff had in which to reinstitute the suit.

Here, plaintiffs timely filed their initial lawsuit on October 15, 2007; however, as Judge Wood observed, the complaint was insufficiently pled, a defect that appeared to be curable, particularly in light of the fact that complaint was filed by plaintiffs acting *pro se*. Had Judge Wood simply terminated the action, plaintiffs could have re-filed an Amended Complaint within 6 months, availing themselves of this New York tolling provision. Judge Wood, instead, stayed the proceedings to allow plaintiffs to comply with pleading requirements, achieving a similar result. While §205(a) is not directly applicable here since Judge Wood did not terminate plaintiffs' original defective complaint, dismissal on statute of limitations grounds would be grossly unfair if plaintiffs were penalized for relying on Judge Wood's Order.

In sum, plaintiffs' Amended Complaint was timely filed where the district court properly stayed the proceedings, thereby tolling the statute of limitations, so as to allow *pro se* plaintiffs to adequately plead their claims. Accordingly, defendants motion to dismiss on statute of limitations grounds must be denied.

**Even If Plaintiffs' Amended Complaint Was Filed Beyond the 3-year Statute of Limitations, Relation Back Principles Are Inapplicable since Plaintiffs Raised No New §1983 Claims in Their Amended Complaint.**

Assuming that plaintiffs' Amended Complaint is time-barred, relation back principles are inapplicable here because plaintiffs added no new §1983 claims to their Amended Complaint. The defendants argue that the plaintiffs' §1983 claims against various Fishkill correctional officers do not relate back to the original filing because "no correctional officers were alleged by plaintiffs to have been involved in the mental health delivery system in any way." (Def. Mem. 8)

Defendants argument fails because plaintiffs did allege in their original complaint that correctional officers subjected Kucharczyk to cruel punishment by subjecting him solitary confinement. (J. Wood Order 1) In the original pleading, plaintiffs alleged that while in the custody of DOCS, Kucharczyk was denied treatment for his serious mental illness and suffered severe emotional torture while kept in solitary confinement. (O.C. 3)

In the Amended Complaint, plaintiffs argue that during the three months preceding Kucharszyk's death and spiral from mental stability to active psychosis, certain Fishkill correctional officers inflicted cruel and unusual punishment on Kucharczyk and were deliberately indifferent to his known medical needs. Plaintiffs identified several incidences where correctional officers, aware of Kucharczyks' mental instability and deteriorating mental health, were intentionally indifferent to Kucharczyk's medical and psychological needs when they issued disciplinary tickets for minor infractions and subjected him to cruel and unusual punishment of prolonged confinement in the SHU. (A.C. 20-21)

Contrary to defendants' position, plaintiffs did complain of Kucharcyzk's treatment

9

preceding his overdose while incarcerated at Fishkill, albeit with less specificity.  Indeed,

plaintiffs expressly characterized his disciplinary treatment of being placed in solitary

confinement for minor infractions while suffering a severe mental health breakdown as

"torturous." (O.C. 3) Thus, defendants argument that plaintiffs raised new §1983 claims in their

Amended Complaint is without merit.

Even if this Court found that plaintiffs' claim related to certain Fishkill correctional

officers was first raised in the Amended Complaint, that claim easily relates back to the original

filing. As pointed out by the defendants in its memorandum of law, Fed. R. Civ. P. Rule 15(a)(1)

provides that an amendment to a pleading relates back to the date of the original pleading when

"the amendment asserts a claim or defense that arose out of the conduct, transaction, or

occurrence set out–or attempted to be set out- in the original pleading." Under New York Law,

an amended complaint related back to the original complaint if "both claims arose out of the

same conduct, transaction or occurrence." *Abdell v. City of New York*, 2006 U.S. Dist. LEXIS

65222 at *6-7 (S.D.N.Y. September 12, 2006).

Plaintiffs' claims that Fishkill Correctional officers were deliberately indifferent to

Kucharcyzk's mental health needs and purposefully subjected him to cruel and unusual

punishment, that is, confining him to solitary confinement for prolonged periods of time for

minor disciplinary infractions, arises from the same conduct expressly identified in plaintiffs'

original complaint. Thus, plaintiffs' §1983 claim against various Fishkill Correctional officers

clearly relates back to the original filing[4].

---

[4] Plaintiffs further allege that 31 new defendants named in the Amended Complaint do
not relate back to the original filing. As stated above, since plaintiffs' Amended Complaint was
filed within the statute of limitations, these defendants were added during the applicable statute

## II.    PLAINTIFFS' AMENDED COMPLAINT SETS FORTH SPECIFIC FACTUAL ALLEGATIONS INDICATING A DEPRIVATION OF KUCHARCYZK'S CONSTITUTIONAL RIGHTS.

To state a claim under §1983, a plaintiff must shoat defendants, while acting under color of state law, deprived plaintiff of his constitutional or statutory rights. *McCoy v. Goord*, 255 F. Supp. 233, 244 (S.D.N.Y. March 25, 2003). To withstand a motion to dismiss, a §1983 complaint must set forth specific factual allegations indicating a deprivations of constitutional rights. *Id*. In addition, to state a claim for damages under §1983, a plaintiff must allege specific facts to demonstrate that the defendants were personally and directly involved in the violation, that is, that there was "personal participation by one who had knowledge of the facts that rendered the conduct illegal." *Id*.

In considering a motion to dismiss, the court must accept as true all factual allegations in the complaint and must draw all inferences in favor of the plaintiff. *Todd v. Exxon Corp.* 275 F.3d 191, 197 (2d. Cir. 2001). The complaint should be read generously, and dismissal is not warranted, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. at 297-98.

Defendants contend that plaintiffs have failed to state a claim because: (1) Kucharczyk had no protected liberty interest in remaining free from confinement in so-called SHU; and (2) Kucharcyzk had no protected liberty interest in being housed at any particular institution. (Def. Mtn. 11-12)

---

of limitation and relation back principles are inapplicable. Indeed, Judge Wood expressly permitted plaintiff to name unknown defendants as John and Jane Doe. (J. Wood Order 2)

Defendants argument fails since plaintiffs never alleged that Kucharczyk enjoyed the constitutional right not to be disciplined or to be housed in a particular facility.  Rather, plaintiffs contend that Kucharczyk was deprived of his constitutional rights to adequate medical care and that defendants exhibited deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (A.C. ¶ 24)

The Eighth Amendment prohibits infliction of "cruel and unusual punishments" on those convicted of crimes, which includes punishments that "involve the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). The Eighth Amendment also applies to prison officials when they are responsible for providing medical care to inmates in their care. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To establish an adequate medical care claim of constitutional significance, plaintiff must show that defendants were deliberately indifferent to his serious medical needs. *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir 1994). The deliberate indifference standard contains both an objective element and a subject element. The former requires that the alleged deprivation of care be sufficiently serious in objective terms: the plaintiff's condition must present a "condition of urgency, one that may produce death, degeneration, or extreme plain." *Id*. The subjective element requires a showing that the defendants were aware of plaintiff's serious medical needs and consciously disregarded a substantial risk of serious harm. *Id*. Denial of psychiatric or mental health care, if sufficiently serious, may constitute a violation of the Eight Amendment. *McCoy*, 255 F. Supp. at 258.

**Serious Medical Needs**

Plaintiffs' Amended Complaint sufficiently alleges that Mr. Kucharczky suffered from paranoid schizophrenia for his entire adult life and that the defendants named in plaintiffs'

12

complaint were aware of his serious medical needs. After his conviction for attempted robbery in

the second degree, Mr. Kucharczyk was admitted to the Central New York Psychiatric Center

("CYNPC") and diagnosed as "psychotic" and having a serious mental illness. (A.C. ¶ 42)

CYNPC concluded that Kucharczyk required psychiatric treatment for a major mental disorder in

a facility with full-time OMH staff and designated him an OMH classification of level 2. (A.C. ¶

43) During a prior incarceration, Kucharczyk was classified as an OMH 1. (A.C. ¶ 42) After

determining that an OMH 2 facility could not adequately meet Kucharczyk's mental health

needs, Kucharcyzk was again designated and OMH 1. (A.C. ¶ 51)

    In short, plaintiffs established beyond doubt that Kucharczyk suffered from a serious

mental health illness that was recognized and known by all who interacted with him in DOCS.

**Deliberate Indifference**

    Plaintiffs have likewise shown that defendants were deliberately indifferent to his serious

medical needs during the time, commencing with his transfer to Fishkill on August 3, 2004, a

facility known to be unsuitable for treating his medical needs, and ending with his death as a

result of an Olanzipine overdose on October 15, 2004. Plaintiffs adequately showed that Mr.

Kucharczyk's condition was one of urgency that not only may have produced death,

degeneration, or extreme pain but actually resulted Kucharczyk's rapid mental degeneration,

mental anguish, physical pain, and ultimate death. (A.C. ¶¶ 65-96)

    Furthermore, plaintiffs adequately pled that individual defendants Colella, Gary Herrman,

Justin Thomas, Ronald Nelson, Thomas Miller, Dr. Mitchell Langbart, John Henderson, Dr.

Mitchell Langbart and other unknown Auburn officials were not only aware of Mr. Kucharcyzk's

mental health condition as a result of his on-going treatment and OMH 1 classification but

showed conscious and deliberate indifference to Mr. Kucharcyzk's mental health and medical needs when they approved, initiated, and/or failed to prevent Kucharczyk's transfer to an OMH level 2 facility despite his OMH level 1 classification. (A.C. ¶¶ 67-68)

Dr. Mitchell Langbart, Psychologist Henderson, Nurse R. Smith (Nurse 264), Fishkill Nurse Homell or Howell (RN#2); Fishkill Nurse 407, Fishkill Nurse B. Furrorn, Dr. R. Kami showed deliberate indifference to Mr. Kucharczyk's psychological needs when he was denied his psychtrophic medication for roughly seven days during his transfer from Auburn to Fishkill. These defendants were aware of Mr. Kucharczyk's need for anti-psychotic medication and were aware that he was not receiving during the period of August 3, 2004 to August 9, 2004. Indeed, on August 5, 2004, nurse Howell or Homell screened Kucharczyk for reception and noted in his record that he was a paranoid schizophrenic and had not received his medication for 3 days. (A.C. ¶ 72) The following day, Mr. Kuczharczyk told Fishkill nurse 407 that he still had not received his medication and was beginning to experience auditory hallucinations. (A.C. ¶ 73) And nurse 407 reported that Mr. Kucharczyk had bitten his right pinky. Again the following day, as Mr. Kucharczyk's condition deteriorated, he complained of auditory hallucinations and his arms and legs twitched as reported by Nurse B. Furrorn. (A.C. ¶74) Mr. Kucharcyzk's medications were not recommenced until August 9, 2004. At that point, Kucharczyk's mental state had completely destabilized and he began suffering the debilitating symptoms of his illness.

Plaintiff pled that Robert Rizzo, Dr. O. Klein, and Dr. Kami showed conscious and deliberate indifference to Kucharczyk's medical needs when the accepted, acquiesced, and failed to prevent Kucharczyk's designation to Fishkill Correctional center, a facility they knew could not meets his serious medical needs. (A.C. ¶ 79)

14

Plaintiffs further pled with specificity that Correctional Officer J. Vito, Correctional Officer LoPiccolo, Correctional Officer Croce, Correctional Officer Roberts, knew of Kucharczyk's mental disabilities and were consciously, deliberately, and intentionally indifferent to those needs when they cited him for minor infractions such as smoking a cigarette and subjected him to prolonged confinement in the SHU, despite his psychotic condition, brought on by medical personnel's failure to provide him with his medically prescribed psychotrophic medication.

Finally, plaintiffs adequately pled that after Kucharczyk had spent 60 days in the SHU at Fishkill and after suffering the effects of his untreated serious mental health condition, Unknown Medical Personnel from Fishkill, Corrections Officer Miller, RN Fred Belanger, RN Sara Muetzel and As of Yet Unidentified Correctional Officers and/or medical personnel from Auburn were directly and proximately responsible for defendant's lethal ingestion of Olanzapine.

As set out in detail in plaintiffs' Amended Complaint and as summarized above, Defendant does not contend that Mr. Kucharczyk had an independent liberty interest in avoiding the SHU or being housed in a particular institution. However, Mr. Kucharczyk does have a constitutional right to necessary medical treatment and to be free from cruel and unusual punishment. Because plaintiffs have sufficiently pled that Kucharczyk was denied the medical treatment to which he was entitled when he was transferred to an unsuitable facility and was further subjected to cruel and unusual punishment, *given* his unique mental health disabilities, defendants motion to dismiss on these grounds must be denied.

### III.    PLAINTIFFS SUFFICIENTLY PLED AN ADA AND REHAB ACT CLAIM

At the outset, plaintiffs concede that there is no individual liability under the ADA or the

Rehab Act. Plaintiffs do not seek monetary damages under the ADA against any individuals. Plaintiff merely names Goord ("Gould"), Hogan, Sawyer, Mazzuca, Burge, or Phillips as the individuals charged with managing the public entity at issue under the ADA and Rehab Act.

Defendants further argue the plaintiff failed to state a claim under the ADA because plaintiffs fail to allege that Kucharcyzk was excluded from any prison program, benefit, service, or activity as a result of his mentally disability. (Deft. Mtn. 16) To state a claim under the ADA, a prisoner must show that he is: (1) a qualified individual with a disability; (2) being excluded from participation in, or being denied the benefits of some service, program, or activity by reason of his disability; and (3) the entity that provides the service, program, or activity is a public entity. *Clarkson v. Coughlin*, 898 F. Supp. 1019, 1035-36 (S.D.N.Y 1995). Likewise to state a claim under Section 504 of the Rehab Act, a prisoner must establish that he is: (1) a qualified individual with a disability; (2) being excluded from participation or enjoyment solely by reason of his disability; and (3) the entity denying the inmate participating receives federal financial assistance. 29 U.S.C. § 794(a). *See also Clarkson*, 898 F. Supp. at 1036.

As a reminder, in deciding a Rule 12(b)(6) dismissal motion, the court must accept the material facts alleged in the complaint as true and draw all inferences in favor of the non-moving party. *Farid v. Bouey*, 2008 U.S. Dist. LEXIS 56229, *16 (N.D.N.Y. February 4, 2008). Indeed, the burden undertaken by a party requesting dismissal of a complaint under Rule 12(b)(6) is substantial: the question presented by such a motion is not whether the plaintiff is likely to prevail "but whether the claimant is entitled to offer evidence to support the claims." Accordingly, a complaint should be dismissed on a 12(b)(6) motion where the plaintiff failed to provide some basis for the allegations that support the elements of his claim. *Id*.

16

Defendants do not dispute that Mr. Kucharczyk is a qualified individual with a disability or that DOC is a public entity that accepts federal financial assistance. Rather, defendants claim that plaintiff has failed to assert that he was excluded from a prison program or benefit.

Contrary to defendants' argument, plaintiffs allege that DOCS failed to accommodate his serious mental health disability by designating him to a known unsuitable facility that was unable to meet his specific mental health needs. As a result, while incarcerated at Fishkill, Kucharczyk was unable to live like other inmates without his disability. Kucharczyk lived in a state of mental anguish, unable to conform his behavior to the expectations of correctional officers, and as a result, was repeatedly disciplined and placed in the SHU for prolonged periods of time. While placed in the SHU, Kucharzcyk was unable to avail himself of any benefits offered by the prison. Although at this pre-trial discovery stage, plaintiffs have not identified *all* the ways in which Kucharczyk's disability prevented him from availing himself of prison benefits and services, plaintiffs have easily provided "some basis" demonstrating that as a result of his disability, Kucharczyk was denied the benefits of services of DOCS, a public entity as defined by the ADA. Because the plaintiff adequately pled an ADA and Section 504 claims, the defendants motion to dismiss on this basis must be denied.

## IV.    PLAINTIFFS CONCEDE THAT ELEVENTH AMENDMENT IMMUNITY BARS AN ACTION FOR MONETARY DAMAGES AGAINST NEW YORK STATE, ITS AGENCIES AND OFFICIALS.

Plaintiff has made no attempt to bring § 1983 claims against the State of New York, its agencies, or any state employees acting in their official capacities. Plaintiff does however bring various § 1983 claims against the named defendants in their *individual* capacities. (A.C. ¶¶ 9-27)

17

State employees in their individual capacities may be liable to damages under § 1983, even when the conduct in question is related to their official duties. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n. 24 (1997).

**V.    PLAINTIFF CONCEDES THAT BECAUSE KUCHARCZYK IS NO LONGER INCARCERATED IN DOCS, PLAINTIFFS LACK STANDING TO SEEK INJUNCTIVE RELIEF AGAINST DOCS.**

## **CONCLUSION**

For the aforementioned reasons, defendants motion to dismiss the defendants' Amended

Complaint must be denied.

Dated:  New York, New York
        August 1, 2008                    Respectfully Submitted.,


                                          S/JENNIFER BONJEAN


                                          S/COURTNEY BLACK

19

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------**X**

JOY MACCHARULO & DOLORES
KUCHARCZYK, Co-Administratrix of the
Estate of FRANK KUCHARCZYK, deceased,

             Plaintiffs,                      08 CV 00301 (LTS)(THK)

    -against-

GLENN GOULD, et al.

             Defendants.

------------------------------------------------------------------**X**


## <u>CERTIFICATE OF SERVICE</u>

     I, JENNIFER BONJEAN, certify that on August 2, 2008, I served the attached Response to Defendants' Motion to Dismiss upon JULIA H. LEE of the Attorney General of the State of New York by federal expressing overnight a copy of the pleading to 120 Broadway, New York, New York, 10271.


                                    <u>S/JENNIFER BONJEAN</u>.