UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOY MACCHARULO & DOLORES              :
KUCHARCZYK, Co-Administratrix of the
Estate of FRANK KUCHARCZYK, deceased  :        08 Civ 301 (LTS)(THK)

                Plaintiffs,            :

    v.                                    :

GLENN GOULD, et al.                   :

                Defendants            :
-----------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANTS' MOTION TO DISMISS

### Preliminary Statement

This reply memorandum of law is submitted on behalf of defendants in support of their motion to dismiss Plaintiffs' Amended Complaint ("AC") pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). For the reasons outlined below, plaintiffs' arguments in opposition have no merit. Instead, they misconstrue defendants' legal arguments and for the reasons set forth below and in the Memorandum of Law in Support of Defendants' Motion to Dismiss, plaintiff's amended complaint must be dismissed in its entirety.

### ARGUMENT

### POINT I

### ADDITIONAL DEFENDANTS AND CLAIMS IN PLAINTIFFS' AMENDED COMPLAINT ARE TIME BARRED

Plaintiffs filed the original complaint on October 15, 2007, the last day the complaint could be filed under the applicable three-year statute of limitations since decedent died on

October 15, 2004. (AC ¶95).[1] All claims occurring prior to October 15, 2004 must be dismissed as they are barred by the statute of limitations.

A.      Plaintiffs' Opposition Fails to Address Defendants' Arguments that Additional Defendants and Claims Must be Dismissed

In their opposition, plaintiffs have misconstrued defendants' arguments and replied to arguments that were never made by defendants. Specifically, plaintiffs argue that their amended complaint is not time barred because Judge Wood's order allowed for leave to amend the complaint. Secondly, plaintiffs assert that "Judge Wood properly exercised her discretion to suspend the statute of limitations for 60 days." (Plaintiff's Response to Defendants' Motion to Dismiss ("Pl. Resp." p. 5).

Contrary to plaintiffs' assertions, defendants are not moving to dismiss the amended complaint because it was filed on March 14, 2008, past the three years statute of limitations. Rather, defendants argue that the new claims against defendants and claims against added defendants contained in plaintiff's amended complaint which were never pleaded in the original complaint, are time barred, as they were brought for the first time past the three year statute of limitations. Notably, plaintiffs fail to address any of defendants' legal arguments set forth under Fed. R. Civ. P. 15(c)(1) or the New York State relation back doctrine. As such defendants rely upon these arguments in their opening brief.

Secondly, despite plaintiffs' contention, the issue of whether the Court has discretion to issue an order allowing for plaintiffs to amend the complaint was never raised in defendants'

---

[1] Decedent died on October 15, 2004, not March 15, 2004, as plaintiffs argue in Point I, p. 5 of their response.

moving papers. Instead, defendants note that the Court's Order as written did not "suspend the statute of limitations" as plaintiffs assert. In fact, it only allowed for the complaint to be more specifically pleaded. Defendants never argued "that Judge Wood did not have the authority to order the stay was abused her discretion in doing so [sic]." (Pl. Resp. p. 6). Plaintiffs have misconstrued the intent of the order and more importantly, mischaracterizes defendants' arguments for dismissal of the amended complaint. Thus, the case law cited in plaintiff's response regarding tolling of the statute of limitations or curable but improperly plead complaints is not relevant to defendants' arguments. As defendants argued in Point I of their opening brief, neither Rule 15 of the Federal Rules of Civil Procedure nor the New York State Relations Back Doctrine allow new claims or new defendants to be added past the applicable statute of limitations.

B.  Plaintiffs' New §1983 Claims in the Amended Complaint Must be Dismissed

Clearly, any new claims that plaintiffs assert against the correctional officers named in the amended complaint must be dismissed as they have no relation to the original claims by plaintiffs alleging a "mental health delivery system that is and was wholly inadequate to address the treatment needs of those seriously mentally ill..." Complaint, p. 3, ¶ III - Statement of Claim. In the original complaint, no correctional officers were alleged to have been involved in the mental health delivery system in any way and, thus, the correctional officers now named for the first time in the amended complaint could not have been put on notice of any possible claims against them regarding decedent Kucharzyk at the time the original complaint was filed. For example, in the amended complaint, plaintiffs allege that correctional officers at Auburn, Fishkill and Green Haven violated decedent's constitutional rights by issuing him disciplinary tickets, confining him

in the Special Housing Unit ("SHU"), pat frisking him, grabbing and throwing decedent against a wall. AC ¶¶83-85, 89. The claims in the original complaint were vague assertions of deliberate indifference to the decedent's medical/mental needs by correctional staff and officials. In contrast, the newly added claims in the amended complaint can be characterized as very different from deliberate indifference. They are claims of wrongdoing by security staff which if properly pleaded, which defendants contend they are not, might amount to allegations of due process or excessive force, not deliberate indifference to decedent's medical needs. As no such claims were made in the original complaint, there is no correlation between the claims pleaded in the original complaint and the claims pleaded against the newly added correctional officer defendants in the amended complaint. As a result, these claims must be dismissed as they do not relate back to the filing of the original complaint and, thus, are barred by the statute of limitations. See O'Hara v. Weeks Marine, Inc., 294 F.3d 55, 68 (2d Cir. 2002)

Plaintiffs' attempt to state that the original complaint gave enough notice of medical indifference to the newly added defendants that they were indifferent to decedent's medical needs fails. (Pl. Resp. p. 9). Following plaintiffs' flawed reasoning, anyone who had any contact with decedent should have been on notice that they would become defendants in this action regardless of the nature of their interaction with decedent or their connection to any alleged facts concerning plaintiff's medical issues. Here, the added defendants, including superintendents, correctional officers and medical staff from three separate correctional facilities, had no notice that action would be brought against them.

Plaintiffs cannot argue mistake in failing to name these defendants in the original complaint, which was filed exactly three years after the date of the incident complained of in this

matter. As noted, even failing to timely acquire records or documents which would have revealed the names of additional parties is not considered a mistake under the more lenient guidelines proscribed by the New York relation back doctrine. See Sloane v. Town of Greenburgh, 2005 U.S. Dist. LEXIS 16107 at *5 (S.D.N.Y. July 27, 2005). Plaintiffs have no viable legal argument in opposition to defendants' assertion that the relation back doctrine adopted by this Court warrants dismissal of all newly added defendants and claims in the amended complaint.

**POINT II**
**PLAINTIFFS FAIL TO STATE A CLAIM UNDER §1983 UPON WHICH RELIEF CAN BE GRANTED AGAINST INDIVIDUAL DEFENDANTS**

Instead of responding to defendants' arguments that plaintiffs have failed to state a claim under 1983 upon which relief can be granted because placement in the Special Housing Unit ("SHU") or a transfer to the correctional facility of one's choice are not protected liberty interests, plaintiffs merely reiterate in conclusory terms that they have properly shown that defendants were deliberately indifferent to decedent's serious medical needs from "August 3, 2004..." to decedent's death on "October 15, 2004." (Pl. Resp. p. 13). Plaintiffs appear to be arguing that the alleged actions by all the newly added defendants fall under a blanket claim for medical indifference (Pl. Resp. pp. 13-15). Yet, they have failed to show how any of these alleged facts demonstrate "deliberate indifference" to a "serious medical need" by any of the added defendants. Estelle v. Gamble, 429 U.S. 97, 104 (1994). A deliberate indifference claim has both an objective and subjective prong. "Objectively, the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." Hemmings v. Gorczyk, 134 F.3d 104, 108 (2d Cir. 1998).

To satisfy the subjective prong, plaintiff must allege facts that demonstrate the defendant acted with deliberate indifference to plaintiff's objectively serious medical need. "Deliberate indifference is a state of mind that is the equivalent of criminal recklessness. A showing of medical malpractice is therefore insufficient to support an Eighth Amendment claim unless the malpractice involves culpable recklessness, *i.e.,* an act or a failure to act by the prison doctor that evinces a conscious disregard of a substantial risk of serious harm." Hernandez v. Keane, 341 F.3d 137, 144 (2d. Cir. 2003).  Plaintiffs' allegations against the correctional officers fail to satisfy the necessary prongs fo this Eighth Amendment test.  Moreover, since plaintiffs concede that the only claim for relief they are seeking under 42 U.S.C. §1983 is one for deliberate indifference, all other claims that fail to meet the legal standard for this claim must be dismissed.

### POINT III
### PLAINTIFF FAILS TO STATE ANY VIABLE CLAIMS FOR RELIEF UNDER ADA AND REHAB ACT

Although plaintiffs acknowledge that there is no individual liability and they do not seek monetary damages against any individual defendants for claims asserted under the Americans with Disabilities Act ("ADA") or the Rehabilitation Act ("Rehab Act"), they still name Goord, Hogan, Sawyer, Mazzuca, Burge and Phillips as "individuals charged with managing the public entity at issues under the ADA and Rehab Act."  As defendants set forth in their opening brief, there is no individual liability against the individually named defendants under the ADA or the Rehab Act in either their official or individual capacities and now move to have them dismissed. See also, Hallett v. New York State Dep't of Correctional Services, 109 F.Supp. 2d 190, 199 (S.D.N.Y. 2000)(Chin, J.)(individual defendants may not be held liable under either the ADA or the Rehabilitation Act in either their official or individual capacities).

In plaintiffs' opposition papers, they assert for the first time claims under the ADA and Rehab Act that were not pleaded in either their original or amended complaints. Plaintiffs allege for the first time in their opposition papers that defendants failed "to accommodate decedent's mental health disability by designating him to a known unsuitable facility that was unable to meet his specific mental health needs." (Pl. Resp. p. 17). Plaintiffs further allege that it was decedent's placement in SHU that denied him the benefits of some services and programs by reason of his disability. (Id.)

At the outset, an opposition is not the place to seek to assert new allegations in support of their claims as plaintiffs seek to do so herein. See Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998), cert. denied, 525 U.S. 1104 (1999); Polanco v. City of N.Y. Dept. of Corrections, 2002 U.S. Dist. LEXIS 3108 at *7 (S.D.N.Y. 2002) ("[i]t is well established that a plaintiff may not amend his pleading through papers offered in opposition to a motion ...") (collecting cases). Here, these allegations made for the first time in plaintiffs' opposition, (Pl. Resp. Point III, p. 17), are clearly an unabashed attempt to cure the fact that these claims were never pleaded in their complaint in order to survive defendants' motion to dismiss

Plaintiffs' argument regarding decedent's placement in SHU is without merit because plaintiff fails to adequately plead how a placement in the SHU could have prevented decedent from receiving some benefit that was given to others who are not disabled. Second, although it is difficult to ascertain what the plaintiffs are saying with respect to denial of a "benefit", if plaintiffs are alleging that the medical treatment received at Fishkill Correctional Facility was inadequate compared to the treatment he received at the other facilities in which he was housed,

then plaintiffs' own statements contradict their claims that decedent was discriminated against and not given such "benefit" due to his disability.

Plaintiff's own arguments evince that they have failed to properly plead a claim under the ADA and Rehab Act. Plaintiff argues that decedent's disability "prevented him from availing himself of prison benefits and services" and that they have "provided "some basis" demonstrating that decedent was denied the benefits of services of DOCS. (Pl. Resp. p. 17). To have a disability alone is not sufficient to state a claim under the ADA or Rehab Act and the possibility that there may be "some basis" for a claim for discrimination under the ADA or Rehab is not legally sufficient. See Carrasquillo v. City of New York, 324 F. Supp. 2d at 443 (collecting cases that there must be an exclusion by reason of the disability). Plaintiffs' attempt to establish "some basis" by alleging facts not in the complaint in order to refute defendants' meritorious arguments for dismissal must be rejected. In their amended complaint, plaintiffs simply assert broad conclusory claims under both statutes without alleging any claims that decedent was excluded from participating in any specific prison program, benefit, service or activity. For all these reasons, all of plaintiff's claims under the ADA and the Rehab Act must be dismissed for failure to state a claim.

## CONCLUSION

For all of the aforementioned reasons, plaintiffs' complaint must be dismissed in its entirety against all defendants.

Dated: New York, New York
August 15, 2008

                        Respectfully submitted,

                        ANDREW M. CUOMO
                        Attorney General of the
                        State of New York
                        <u>Attorney for Defendants</u>
                        By:

                        _____/s/_____
                        JULIA H. LEE
                        Assistant Attorney General
                        120 Broadway, 24th floor
                        New York, NY 10271
                        (212) 416-6234

JULIA H. LEE
Assistant Attorney General
 Of Counsel